**BRIAN T. DUNN, ESQ. (SBN 176502)**
Email: bdunn@cochranfirm.com
**MEGAN R. GYONGYOS, ESQ. (SBN 285476)**
Email: mgyongyos@cochranfirm.com
**THE COCHRAN FIRM CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010
Telephone: (323) 435-8205
Facsimile: (323) 282-5280

Attorneys for Plaintiffs

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

SAUL YONKO, an individual;
MARILYN YONKO, an individual; and
WALTER TRACY, an individual,

          Plaintiffs,

v.

CITY OF UPLAND, a municipal entity,
and DOES 1 through 10, inclusive,

          Defendants.

**CASE NO.: 5:18-CV-02259**

**COMPLAINT FOR DAMAGES**

1.    **Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unreasonable Use of Deadly Force)**

2.    **Battery (Cal. Government Code §§ 815.2(a), 820(a); Cal. Civil Code § 43)**

3.    **Negligence (Cal. Government Code §§ 815.2(a), 820(a))**

4.    **Negligent Infliction of Emotional Distress**

      **DEMAND FOR JURY TRIAL**

## JURISDICTION AND VENUE

1.      Jurisdiction is vested in this court under 28 U.S.C. § 1343(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

2.       Venue is proper in the Central District of California under 28 U.S.C. § 1391(a)-(b).

## PARTIES

3.      Plaintiff SAUL YONKO is, and at all relevant times herein was, a resident of the County of San Bernardino and State of California.

4.      Plaintiff MARILYN YONKO is, and at all relevant times herein was, a resident of the County of San Bernardino and State of California. Plaintiff MARILYN YONKO is the biological mother of Plaintiff SAUL YONKO.

5.      Plaintiff WALTER TRACY is, and at all relevant times herein was, a resident of the County of San Bernardino and State of California. Plaintiff WALTER TRACY is the biological father of Plaintiff SAUL YONKO.

6.      Defendant CITY OF UPLAND (hereinafter "CITY") is, and at all relevant times mentioned herein was, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California.

7.      Plaintiffs are informed, believe, and thereon allege that the heretofore unknown Defendant DOE Officers are, and at all relevant times mentioned herein were, residents of the County of San Bernardino and State of California. Further, at all times relevant to the acts and omissions herein alleged, said Defendant DOE Officers were police officers employed by the Defendant CITY and the Upland Police Department, and was acting under color of state law and in the course and scope of their employment with the Defendant CITY and the Upland Police Department.

8.      On or around May 16, 2018, a timely Claim for Damages was submitted to the City of Upland, in substantial compliance with California Government Code § 910, et seq. As of the date of the filing of this Complaint, said Claim has been deemed

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

denied by operation of law.

9.     Plaintiffs are unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiffs will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to them. Plaintiffs are informed, believe, and thereon allege that these DOE Defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiffs will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

10.     Each of the individual Defendants sued herein is sued both in his individual and personal capacity, as well as in his official capacity.

11.     Plaintiffs are informed, believe, and thereon allege that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

## FACTS COMMON TO ALL COUNTS

12.     This Complaint concerns an officer-involved shooting incident that occurred during the morning hours of Tuesday, December 5, 2017, in or around the 1700 block of Old Baldy Way in the City of Upland, County of San Bernardino, and State of California. At approximately 7:58 a.m. on December 5, 2017, Plaintiffs were outside their residence, which is located in the 1700 block of Old Baldy Way, when the heretofore unknown Defendant DOE Officers, while acting under color of state law and

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

in the course and scope of their employment with the Defendant CITY and the Upland Police Department, negligently assessed the circumstances presented to them, and then violently confronted Plaintiff SAUL YONKO without having probable cause or reasonable suspicion to believe that he had committed a crime, or would commit a crime in the future. At the time that the Defendant DOE Officers first encountered Plaintiff SAUL YONKO, it was or should have been apparent to the Defendant DOE Officers that he was mentally unwell and/or going through a mental health crisis.

13.     Without warning, one of the Defendant DOE Officers proceeded to assault and batter Plaintiff SAUL YONKO by acts which included, but were not limited to, unjustifiably discharging his department-issued firearm at the person of Plaintiff SAUL YONKO, inflicting a gunshot wound to Plaintiff SAUL YONKO's leg. Following the shooting, the involved officers denied medical care to Plaintiff SAUL YONKO in a manner that demonstrated deliberate indifference to his constitutional rights. At no time during the course of these events did Plaintiff SAUL YONKO pose any immediate threat of death or serious bodily injury to the Defendant DOE Officer who shot him, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful.

14.     Both prior to and during the time in which he was shot, Plaintiff SAUL YONKO posed no immediate threat of death or serious bodily injury to the Defendant DOE Officers, nor to any other individual. Both prior to and during the time in which he was shot, Plaintiff SAUL YONKO made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that he had the will, or the ability, to inflict substantial bodily harm against any individual. Both prior to and during the time in which Plaintiff SAUL YONKO was shot, the Defendant DOE Officers were not faced with any circumstances which would have led a reasonable police officer to believe that Plaintiff SAUL YONKO posed an immediate threat of death or serious bodily injury to any person.

///

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

15.     Throughout the course of the above-described events, Plaintiffs MARILYN YONKO and WALTER TRACY, the biological mother and father of Plaintiff SAUL YONKO, were present at the location where the officer-involved shooting of Plaintiff SAUL YONKO occurred, and directly saw, perceived, and heard the incident involving the Defendant DOE Officers and their son. As a direct and proximate result of the Defendant DOE Officers' negligent tactics, acts, and omissions in detaining, violently confronting, and ultimately shooting their son, Plaintiffs MARILYN YONKO and WALTER TRACY have suffered, and continue to suffer, severe emotional distress.

## FOR THE FIRST CAUSE OF ACTION

**(By Plaintiff SAUL YONKO Against the Heretofore Unknown Defendant DOE OFFICERS for Violations of Civil Rights [42 U.S.C. § 1983])**

**(Based on Unreasonable Use of Deadly Force)**

16.     Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

17.     This cause of action is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to Plaintiff SAUL YONKO by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

18.     Plaintiffs are informed, believe, and thereon allege that at all times mentioned herein, the Defendant CITY employed the individual Defendants named herein, including the heretofore unknown Defendant DOE Officers. The Defendant CITY provided its individual Defendant employees and agents, including the Defendant DOE Officers, with official badges and identification cards which designated and described the bearers as employees of the Defendant CITY and the Upland Police Department.

19.     Plaintiffs are informed, believe, and thereon allege that at all times relevant to the acts and omissions herein alleged, the Defendant DOE Officers were employed by

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

the Defendant CITY and the Upland Police Department, and were acting under color of state law and in the course and scope of their employment with the Defendant CITY and the Upland Police Department.

20.     At approximately 7:58 a.m. on December 5, 2017, Plaintiff SAUL YONKO was outside his residence, which is located in the 1700 block of Old Baldy Way, when the heretofore unknown Defendant DOE Officers, while acting under color of state law and in the course and scope of their employment with the Defendant CITY and the Upland Police Department, violently confronted him without having probable cause or reasonable suspicion to believe that he had committed a crime, or would commit a crime in the future. At the time that the Defendant DOE Officers first encountered Plaintiff SAUL YONKO, it was or should have been apparent to the Defendant DOE Officers that he was mentally unwell and/or going through a mental health crisis.

21.     Without warning, one of the Defendant DOE Officers proceeded to assault and batter Plaintiff SAUL YONKO by acts which included, but were not limited to, unjustifiably discharging his department-issued firearm at the person of Plaintiff SAUL YONKO, inflicting a gunshot wound to Plaintiff SAUL YONKO's leg. Following the shooting, the involved officers denied medical care to Plaintiff SAUL YONKO in a manner that demonstrated deliberate indifference to his constitutional rights. At no time during the course of these events did Plaintiff SAUL YONKO pose any immediate threat of death or serious bodily injury to the Defendant DOE Officer who shot him, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful.

22.     Both prior to and during the time in which he was shot, Plaintiff SAUL YONKO posed no immediate threat of death or serious bodily injury to the Defendant DOE Officers, nor to any other individual. Both prior to and during the time in which he was shot, Plaintiff SAUL YONKO made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that he had the will, or the ability, to inflict substantial bodily harm against any individual. Both

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

prior to and during the time in which Plaintiff SAUL YONKO was shot, the Defendant DOE Officers were not faced with any circumstances which would have led a reasonable police officer to believe that Plaintiff SAUL YONKO posed an immediate threat of death or serious bodily injury to any person.

23.   At all times mentioned herein, the Defendant DOE Officers acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and/or usages of the State of California and the Defendant CITY. The Defendant DOE Officers deprived Plaintiff SAUL YONKO of the rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and the laws of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

24.   Plaintiff SAUL YONKO had the right to be free from unreasonable governmental seizures of his person, a right which was secured to him by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by the wrongful conduct of the Defendant DOE Officers, which proximately caused severe injuries to Plaintiff SAUL YONKO, including, but not limited to, a gunshot wound to Plaintiff SAUL YONKO's leg.

25.   Plaintiffs are informed, believe, and thereon allege that in unreasonably seizing the person of Plaintiff SAUL YONKO, as described in the foregoing paragraphs of this Complaint, the Defendant DOE Officers acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive Plaintiff SAUL YONKO of his federally protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against the Defendant DOE Officers in an amount to be proven at the trial of this matter.

///

26.     As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Officers, Plaintiff SAUL YONKO was shot on December 5, 2017, and suffered severe injuries which include, but are not limited to, a gunshot wound to his leg.

27.     As a further direct and proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Officers, Plaintiff SAUL YONKO was placed in great fear for his life and physical well being, and has suffered and continues to suffer extreme and severe mental anguish, as well as great mental and physical pain and injury, all to his damage in a sum to be determined at trial.

28.     As a further proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Officers, Plaintiff SAUL YONKO has been required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for him, and has incurred and continues to incur expenses for emergent and other medical services, treatment and care in an amount according to proof at trial.

29.     As a further proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Officers, Plaintiff SAUL YONKO has lost wages and/or earnings and/or earning capacity in an amount according to proof at trial, and will lose additional wages and earnings in the future in an amount according to proof at trial.

30.     Plaintiff SAUL YONKO is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

**FOR THE SECOND CAUSE OF ACTION**

**(By Plaintiff SAUL YONKO Against All Defendants for Battery [Cal. Gov't Code §§ 815.2(a), 820(a); Cal. Civ. Code § 43])**

31.     Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

32.     All claims asserted herein against the Defendant CITY are presented pursuant to the Defendant CITY's vicarious liability for acts and omissions of municipal

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

33.   At approximately 7:58 a.m. on December 5, 2017, Plaintiff SAUL YONKO was outside his residence, which is located in the 1700 block of Old Baldy Way, when the heretofore unknown Defendant DOE Officers, while acting under color of state law and in the course and scope of their employment with the Defendant CITY and the Upland Police Department, violently confronted him without having probable cause or reasonable suspicion to believe that he had committed a crime, or would commit a crime in the future. At the time that the Defendant DOE Officers first encountered Plaintiff SAUL YONKO, it was or should have been apparent to the Defendant DOE Officers that he was mentally unwell and/or going through a mental health crisis.

34.   Without warning, one of the Defendant DOE Officers proceeded to assault and batter Plaintiff SAUL YONKO by acts which included, but were not limited to, unjustifiably discharging his department-issued firearm at the person of Plaintiff SAUL YONKO, inflicting a gunshot wound to Plaintiff SAUL YONKO's leg. At no time during the course of these events did Plaintiff SAUL YONKO pose any immediate threat of death or serious bodily injury to the Defendant DOE Officer who shot him, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful.

35.   Both prior to and during the time in which he was shot, Plaintiff SAUL YONKO posed no immediate threat of death or serious bodily injury to the Defendant DOE Officers, nor to any other individual. Both prior to and during the time in which he was shot, Plaintiff SAUL YONKO made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that he had the will, or the ability, to inflict substantial bodily harm against any individual. Both prior to and during the time in which Plaintiff SAUL YONKO was shot, the Defendant DOE Officers were not faced with any circumstances which would have led a reasonable police officer to believe that Plaintiff SAUL YONKO posed an immediate threat of death

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

1    or serious bodily injury to any person.

2        36.    Plaintiffs are informed, believe, and thereon allege that in using deadly

3    force against Plaintiff SAUL YONKO, as described in the foregoing paragraphs of this

4    Complaint, the Defendant DOE Officers acted outside the scope of their jurisdiction and

5    without authorization of law, and acted willfully, maliciously, knowingly, with reckless

6    disregard and callous indifference to the known consequences of their acts and

7    omissions, and purposefully with the intent to deprive Plaintiff SAUL YONKO of his

8    protected rights and privileges, and did in fact violate the aforementioned rights and

9    privileges, thereby warranting punitive and exemplary damages against the Defendant

10   DOE Officers in an amount to be proven at the trial of this matter.

11       37.    As a direct and proximate result of the wrongful, intentional, and malicious

12   acts and omissions of the Defendant DOE Officers, Plaintiff SAUL YONKO was shot on

13   December 5, 2017, and suffered severe injuries which include, but are not limited to, a

14   gunshot wound to his leg.

15       38.    As a further direct and proximate result of the wrongful, intentional, and

16   malicious acts and omissions of the Defendant DOE Officers, Plaintiff SAUL YONKO

17   was placed in great fear for his life and physical well being, and has suffered and

18   continues to suffer extreme and severe mental anguish, as well as great mental and

19   physical pain and injury, all to his damage in a sum to be determined at trial.

20       39.    As a further proximate result of the wrongful, intentional, and malicious

21   acts and omissions of the Defendant DOE Officers, Plaintiff SAUL YONKO has been

22   required to employ, and did in fact employ, physicians and surgeons to examine, treat,

23   and care for him, and has incurred and continues to incur expenses for emergent and

24   other medical services, treatment and care in an amount according to proof at trial.

25       40.    As a further proximate result of the wrongful, intentional, and malicious

26   acts and omissions of the Defendant DOE Officers, Plaintiff SAUL YONKO has lost

27   wages and/or earnings and/or earning capacity in an amount according to proof at trial,

28   and will lose additional wages and earnings in the future in an amount according to proof

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

at trial.

## FOR THE THIRD CAUSE OF ACTION

### (By Plaintiff SAUL YONKO Against All Defendants for Negligence [Cal. Gov't Code §§ 815.2(a), 820(a)])

41.    Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

42.    All claims asserted herein against the Defendant CITY are presented pursuant to the Defendant CITY's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

43.    At approximately 7:58 a.m. on December 5, 2017, Plaintiff SAUL YONKO was outside his residence, which is located in the 1700 block of Old Baldy Way, when the Defendant DOE Officers, while acting under color of state law and in the course and scope of their employment with the Defendant CITY and the Upland Police Department, negligently assessed the circumstances presented to them, and then violently confronted Plaintiff SAUL YONKO without having probable cause or reasonable suspicion to believe that Plaintiff SAUL YONKO had committed a crime, or would commit a crime in the future. At the time that the Defendant DOE Officers first encountered Plaintiff SAUL YONKO, it was or should have been apparent to the Defendant DOE Officers that he was mentally unwell and/or going through a mental health crisis.

44.    Without warning, one of the Defendant DOE Officers proceeded to negligently discharge his department-issued firearm at the person of Plaintiff SAUL YONKO, inflicting a gunshot wound to Plaintiff SAUL YONKO's leg. At no time during the course of these events did Plaintiff SAUL YONKO pose any immediate threat of death or serious bodily injury to the Defendant DOE Officer who shot him, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful.

///

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

45.     Both prior to and during the time in which he was shot, Plaintiff SAUL YONKO posed no immediate threat of death or serious bodily injury to the Defendant DOE Officers, nor to any other individual. Both prior to and during the time in which he was shot, Plaintiff SAUL YONKO made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that he had the will, or the ability, to inflict substantial bodily harm against any individual. Both prior to and during the time in which Plaintiff SAUL YONKO was shot, the Defendant DOE Officers were not faced with any circumstances which would have led a reasonable police officer to believe that Plaintiff SAUL YONKO posed an immediate threat of death or serious bodily injury to any person.

46.     Plaintiffs are informed, believe, and thereon allege that on and before December 5, 2017, the Defendant DOE Officers had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the use of deadly force, and had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the execution of police tactics and procedures in approaching and/or attempting to detain and/or arrest non-dangerous civilians and suspects who do not pose an immediate threat of death or serious bodily injury to any person. Notwithstanding each of these duties, the Defendant DOE Officers failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to, negligently failing to utilize additional departmental resources during the incident involving Plaintiff SAUL YONKO, negligently failing to utilize available forms of cover and concealment during the incident involving Plaintiff SAUL YONKO, negligently failing to maintain a position of tactical advantage during the incident involving Plaintiff SAUL YONKO, negligently failing to communicate and/or effectively communicate with one another, with other departmental personnel and resources, and with Plaintiff SAUL YONKO during the incident involving Plaintiff SAUL YONKO, negligently failing to utilize less lethal force options and other alternatives less intrusive than deadly force during the

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

incident involving Plaintiff SAUL YONKO, negligently failing to de-escalate the situation involving Plaintiff SAUL YONKO, negligently employing a tactical response to the situation involving Plaintiff SAUL YONKO that resulted in the unnecessary and preventable shooting of Plaintiff SAUL YONKO, negligently failing to determine the fact that Plaintiff SAUL YONKO posed no immediate threat of death or serious bodily injury to any person when he was shot, negligently inflicting physical injury upon Plaintiff SAUL YONKO, as described herein, and negligently employing deadly force against Plaintiff SAUL YONKO when the same was unnecessary and unlawful. All of these negligent acts proximately caused Plaintiff SAUL YONKO's injuries, which include, but are not limited to, a gunshot wound to Plaintiff SAUL YONKO's leg.

47.   As a direct and proximate result of the negligent acts and omissions of the Defendants, and each of them, Plaintiff SAUL YONKO was shot on December 5, 2017, and suffered severe injuries which include, but are not limited to, a gunshot wound to his leg.

48.   As a further direct and proximate result of the negligent acts and omissions of the Defendants, and each of them, Plaintiff SAUL YONKO was placed in great fear for his life and physical well being, and has suffered and continues to suffer extreme and severe mental anguish, as well as great mental and physical pain and injury, all to his damage in a sum to be determined at trial.

49.   As a further proximate result of the negligent acts and omissions of the Defendants, and each of them, Plaintiff SAUL YONKO has been required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for him, and has incurred and continues to incur expenses for emergent and other medical services, treatment, and care in an amount according to proof at trial.

50.   As a further proximate result of the negligent acts and omissions of the Defendants, and each of them, Plaintiff SAUL YONKO has lost wages and/or earnings and/or earning capacity in an amount according to proof at trial, and will lose additional wages and earnings in the future in an amount according to proof at trial.

## FOR THE FOURTH CAUSE OF ACTION

**(By Plaintiffs MARILYN YONKO and WALTER TRACY Against All Defendants for Negligent Infliction of Emotional Distress [Cal. Gov't Code §§ 815.2(a), 820(a)])**

51.     Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

52.     This cause of action is brought by Plaintiffs MARILYN YONKO and WALTER TRACY individually.

53.     All claims asserted herein against the Defendant CITY are presented pursuant to the CITY's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

54.     At approximately 7:58 a.m. on December 5, 2017, Plaintiff SAUL YONKO, the biological son of Plaintiffs MARILYN YONKO and WALTER TRACY, was outside his residence, which is located in the 1700 block of Old Baldy Way, when the Defendant DOE Officers, while acting under color of state law and in the course and scope of their employment with the Defendant CITY and the Upland Police Department, negligently assessed the circumstances presented to them, and then violently confronted Plaintiff SAUL YONKO, in the immediate presence of Plaintiffs MARILYN YONKO and WALTER TRACY, without having probable cause or reasonable suspicion to believe that Plaintiff SAUL YONKO had committed a crime, or would commit a crime in the future. At the time that the Defendant DOE Officers first encountered Plaintiff SAUL YONKO, it was or should have been apparent to the Defendant DOE Officers that he was mentally unwell and/or going through a mental health crisis.

55.     Without warning, one of the Defendant DOE Officers proceeded to negligently discharge his department-issued firearm at the person of Plaintiff SAUL YONKO, inflicting a gunshot wound to Plaintiff SAUL YONKO's leg. At no time during the course of these events did Plaintiff SAUL YONKO pose any immediate threat of death or serious bodily injury to the Defendant DOE Officer who shot him, nor did he

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful.

56.     Both prior to and during the time in which he was shot, Plaintiff SAUL YONKO posed no immediate threat of death or serious bodily injury to the Defendant DOE Officers, nor to any other individual. Both prior to and during the time in which he was shot, Plaintiff SAUL YONKO made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that he had the will, or the ability, to inflict substantial bodily harm against any individual. Both prior to and during the time in which Plaintiff SAUL YONKO was shot, the Defendant DOE Officers were not faced with any circumstances which would have led a reasonable police officer to believe that Plaintiff SAUL YONKO posed an immediate threat of death or serious bodily injury to any person.

57.     Plaintiffs are informed, believe, and thereon allege that on and before December 5, 2017, the Defendant DOE Officers had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the use of deadly force, and had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the execution of police tactics and procedures in approaching and/or attempting to detain and/or arrest non-dangerous civilians and suspects who are or may be mentally ill and/or emotionally disturbed, and do not pose an immediate threat of death or serious bodily injury to any person. Notwithstanding each of these duties, the Defendant DOE Officers failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to, negligently failing to utilize additional departmental resources during the incident involving Plaintiff SAUL YONKO, negligently failing to utilize available forms of cover and concealment during the incident involving Plaintiff SAUL YONKO, negligently failing to maintain a position of tactical advantage during the incident involving Plaintiff SAUL YONKO, negligently failing to communicate and/or effectively communicate with one another, with other

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

15

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

departmental personnel and resources, and with Plaintiff SAUL YONKO during the incident involving Plaintiff SAUL YONKO, negligently failing to utilize less lethal force options and other alternatives less intrusive than deadly force during the incident involving Plaintiff SAUL YONKO, negligently failing to de-escalate the situation involving Plaintiff SAUL YONKO, negligently employing a tactical response to the situation involving Plaintiff SAUL YONKO that resulted in the unnecessary and preventable shooting of Plaintiff SAUL YONKO, negligently failing to determine the fact that Plaintiff SAUL YONKO posed no immediate threat of death or serious bodily injury to any person when he was shot, negligently inflicting physical injury upon Plaintiff SAUL YONKO, as described herein, and negligently employing deadly force against Plaintiff SAUL YONKO when the same was unnecessary and unlawful. All of these negligent acts proximately caused Plaintiff SAUL YONKO's injuries, which include, but are not limited to, a gunshot wound to Plaintiff SAUL YONKO's leg.

58.     Throughout the course of the above-described events, Plaintiffs MARILYN YONKO and WALTER TRACY, the biological mother and father of Plaintiff SAUL YONKO, were present at the location where the officer-involved shooting of Plaintiff SAUL YONKO occurred, and directly saw, perceived, and heard the incident involving the Defendant DOE Officers and their son. As a direct and proximate result of the Defendant DOE Officers' negligent tactics, acts, and omissions in detaining, violently confronting, and ultimately shooting their son, Plaintiffs MARILYN YONKO and WALTER TRACY have suffered, and continue to suffer, severe emotional distress.

59.     Throughout all of the above-described events, Plaintiffs MARILYN YONKO and WALTER TRACY were present at the location where the officer-involved shooting of Plaintiff SAUL YONKO occurred, and personally witnessed the shooting of Plaintiff SAUL YONKO, their biological son. Plaintiffs MARILYN YONKO and WALTER TRACY were present and contemporaneously aware of the events leading up and including the shooting of their biological son, and have suffered and continue to suffer severe emotional distress, as a result of witnessing those events.

60.     As a direct and proximate result of the above-described acts and omissions of the Defendant DOE Officers, Plaintiffs MARILYN YONKO and WALTER TRACY have suffered great mental pain, suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, and shock, all to their damage in a sum to be determined at trial.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

1.   For general and special damages in an amount according to proof at trial;

2.   For past and future medical and related expenses according to proof at trial;

3.   For past and future loss of wages and/or earnings and/or earning capacity according to proof at trial;

4.   For costs of suit incurred herein;

5.   For attorneys' fees incurred herein, as provided by law;

6.   For punitive damages against the individual Defendants in their individual capacities in an amount according to proof at trial; and

7.   For such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs hereby demand that a jury be impaneled for the trial of this matter.

DATED: October 23, 2018            Respectfully submitted,

**THE COCHRAN FIRM CALIFORNIA**


By: /s/ Brian T. Dunn_____
                    BRIAN T. DUNN
                    MEGAN R. GYONGYOS
                    Attorneys for Plaintiffs SAUL YONKO,
                    MARILYN YONKO, and WALTER
                    TRACY

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

17