BRIAN T. DUNN, ESQ. (SBN 176502)
Email: bdunn@cochranfirm.com
EDWARD M. LYMAN, III., ESQ. (SBN 248264)
Email: elyman@cochranfirm.com
THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010
Telephone: (323) 435-8205
Facsimile: (323) 282-5280

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUL YONKO, an individual; MARILYN YONKO, an individual; and WALTER TRACY, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF UPLAND, RANDALL LAYNE, and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO.: 5:18-cv-02259 <br><br> **FIRST AMENDED COMPLAINT FOR DAMAGES** <br><br> 1. **Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unreasonable Use of Deadly Force)** <br><br> 2. **Battery** <br><br> 3. **Negligence** <br><br> 4. **Negligent Infliction of Emotional Distress** <br><br> **DEMAND FOR JURY TRIAL** |

## JURISDICTION AND VENUE

1.     Jurisdiction is vested in this court under 28 U.S.C. § 1343(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

2. Venue is proper in the Central District of California under 28 U.S.C. § 1391(a)-(b).

## PARTIES

3. Plaintiff SAUL YONKO is, and at all relevant times herein was, a resident of the County of San Bernardino and State of California.

4. Plaintiff MARILYN YONKO is, and at all relevant times herein was, a resident of the County of San Bernardino and State of California. Plaintiff MARILYN YONKO is the biological mother of Plaintiff SAUL YONKO.

5. Plaintiff WALTER TRACY is, and at all relevant times herein was, a resident of the County of San Bernardino and State of California. Plaintiff WALTER TRACY is the biological father of Plaintiff SAUL YONKO.

6. Defendant CITY OF UPLAND (hereinafter "CITY") is, and at all relevant times mentioned herein was, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California and the County of San Bernardino.

7. Defendant RANDALL LAYNE is, and at all relevant times was, a sworn peace officer acting under color of law and in the course and scope of his employment with the CITY OF UPLAND and UPLAND POLICE DEPARTMENT.

8. Plaintiffs are informed, believe, and thereon allege that the heretofore unknown Defendant DOE Officers are, and at all relevant times mentioned herein were, residents of the County of San Bernardino and State of California. Further, at all times relevant to the acts and omissions herein alleged, said Defendant DOE Officers were police officers employed by the Defendant CITY and the Upland Police Department, and was acting under color of state law and in the course and scope of their employment with the Defendant CITY and the Upland Police Department.

9. On or around May 16, 2018, a timely Claim for Damages was submitted to the City of Upland, in substantial compliance with California Government Code § 910, et seq. As of the date of the filing of this Complaint, said Claim has been deemed

denied by operation of law.

10. Plaintiffs are unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiffs will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to them. Plaintiffs are informed, believe, and thereon allege that these DOE Defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiffs will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

11. Each of the individual Defendants sued herein is sued both in his individual and personal capacity, as well as in his official capacity.

12. Plaintiffs are informed, believe, and thereon allege that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

## FACTS COMMON TO ALL COUNTS

13. This Complaint concerns an officer-involved shooting incident that occurred during the morning hours of Tuesday, December 5, 2017, in or around the 1700 block of Old Baldy Way in the City of Upland, County of San Bernardino, and State of California. At approximately 7:58 a.m. on December 5, 2017, Plaintiffs were outside their residence, which is located in the 1700 block of Old Baldy Way, when OFFICER RANDALL LAYNE, while acting under color of state law and in the course and scope

of their employment with the Defendant CITY and the Upland Police Department, negligently assessed the circumstances presented to them, and then violently confronted Plaintiff SAUL YONKO (hereinafter referred to as "YONKO" or "Plaintiff") without having probable cause or reasonable suspicion to believe that he had committed a crime, or would commit a crime in the future. At the time that OFFICER RANDALL LAYNE (hereinafter referred to as "LAYNE") first encountered YONKO, it was or should have been apparent to LAYNE that YONKO was mentally unwell and/or going through a mental health crisis.

14. Without warning, LAYNE proceeded to assault and batter Plaintiff by acts which included, but were not limited to, unjustifiably discharging his department-issued firearm at the person of Plaintiff, inflicting a gunshot wound to Plaintiff's person. At no time during the course of these events did Plaintiff SAUL YONKO pose any immediate threat of death or serious bodily injury to the LAYNE, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful.

15. Both prior to and during the time in which he was shot, Plaintiff posed no immediate threat of death or serious bodily injury to the LAYNE, nor to any other individual. Both prior to and during the time in which he was shot, Plaintiff made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that he had the will, or the ability, to inflict substantial bodily harm against any individual. Both prior to and during the time in which Plaintiff was shot, LAYNE was not faced with any circumstances which would have led a reasonable police officer to believe that Plaintiff posed an immediate threat of death or serious bodily injury to any person.

16. Throughout the course of the above-described events, Plaintiffs MARILYN YONKO and WALTER TRACY, the biological mother and father of Plaintiff SAUL YONKO, were present at the location where the officer-involved shooting of Plaintiff SAUL YONKO occurred, and directly saw, perceived, and heard the incident involving

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

LAYNE'S shooting of Plaintiff. As a direct and proximate result of the Defendant LAYNE'S negligent tactics, acts, and omissions in detaining, violently confronting, and ultimately shooting their son, Plaintiffs MARILYN YONKO and WALTER TRACY have suffered, and continue to suffer, severe emotional distress.

## FOR THE FIRST CAUSE OF ACTION

### (By Plaintiff SAUL YONKO Against RANDALL LAYNE)

### (for Violations of Civil Rights [42 U.S.C. § 1983])

### (Based on Unreasonable Use of Deadly Force)

17. Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

18. This cause of action is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to Plaintiff by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

19. At all times mentioned herein, the Defendant CITY employed the individual Defendants named herein, including LAYNE. Defendant CITY provided its individual Defendant employees and agents, including LAYNE, with official badges and identification cards which designated and described LAYNE as an employee of the Defendant CITY and the Upland Police Department.

20. At all times relevant to the acts and omissions herein alleged, LAYNE was employed by the Defendant CITY and the Upland Police Department, and was acting under color of state law and in the course and scope of his employment with the Defendant CITY and the Upland Police Department.

21. At approximately 7:58 a.m. on December 5, 2017, Plaintiff was outside his residence, which is located in the 1700 block of Old Baldy Way, when LAYNE, while acting under color of state law and in the course and scope of his employment with the Defendant CITY and the Upland Police Department, violently confronted Plaintiff

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

without having probable cause or reasonable suspicion to believe that Plaintiff had committed a crime, or would commit a crime in the future. At the time that LAYNE first encountered Plaintiff, it was or should have been apparent to LAYNE that Plaintiff was mentally unwell and/or going through a mental health crisis.

22. Without warning, LAYNE proceeded to assault and batter Plaintiff by acts which included, but were not limited to, unjustifiably discharging his department-issued firearm at the person of Plaintiff, inflicting a gunshot wound to Plaintiff's person. At no time during the course of these events did Plaintiff pose an immediate threat of death or serious bodily injury to any person, nor did Plaintiff do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful.

23. Both prior to and during the time in which he was shot, Plaintiff posed no immediate threat of death or serious bodily injury to LAYNE, nor to any other individual. Both prior to and during the time in which he was shot, Plaintiff made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that he had the will, or the ability, to inflict substantial bodily harm against any individual. Both prior to and during the time in which Plaintiff was shot, LAYNE was not faced with any circumstances which would have led a reasonable police officer to believe that Plaintiff posed an immediate threat of death or serious bodily injury to any person.

24. At all times mentioned herein, LAYNE acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and/or usages of the State of California and the City of Upland. In using excessive and unreasonable force against him, LAYNE deprived Plaintiff of the rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and the laws of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

25. In unreasonably seizing the person of Plaintiff, as described in the foregoing paragraphs of this Complaint, LAYNE acted outside the scope of his jurisdiction and

without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive Plaintiff of his federally protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against this individual defendant in an amount to be proven at the trial of this matter.

26. As a further direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendants, Plaintiff was placed in great fear for his life and physical well being, and has suffered and continues to suffer extreme and severe mental anguish, as well as great mental and physical pain and injury, all to his damage in a sum to be determined at trial.

27. As a further proximate result of the wrongful, intentional, and malicious acts and omissions of LAYNE, Plaintiff has been required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for him, and has incurred and continues to incur expenses for emergent and other medical services, treatment and care in an amount according to proof at trial.

28. As a further proximate result of Defendants' misconduct, Plaintiff has lost wages and/or earnings and/or earning capacity in an amount according to proof at trial, and will lose additional wages and earnings in the future in an amount according to proof at trial.

29. Plaintiff is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

### FOR THE SECOND CAUSE OF ACTION

### (By Plaintiff SAUL YONKO Against All Defendants for Battery)

### [Cal. Gov't Code §§ 815.2(a), 820(a); Cal. Civ. Code § 43]

30. Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

31. All claims asserted herein against the Defendant CITY are presented

1 pursuant to the Defendant CITY's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

32. Plaintiffs are informed, believe, and thereon allege that in unlawfully using deadly force against Plaintiff, as described in the foregoing paragraphs of this Complaint, LAYNE acted outside the scope of his jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive Plaintiff of his protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against this individual defendant in an amount to be proven at the trial of this matter.

33. As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of the individual defendant named herein, Plaintiff has suffered severe physical injuries which include, but are not limited to, a gunshot wound to his person, severe mental anguish, as well as great mental and physical pain and injury, all to his damage in a sum to be determined at trial.

34. As a further proximate result of Defendants' misconduct, Plaintiff has been required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for him, and has incurred, and continues to incur, expenses for emergent and other medical services, treatment and care in an amount according to proof at trial.

## FOR THE THIRD CAUSE OF ACTION

**(By Plaintiff SAUL YONKO Against All Defendants for Negligence)**

**[Cal. Gov't Code §§ 815.2(a), 820(a)]**

35. Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

36. All claims asserted herein against the Defendant CITY are presented pursuant to the Defendant CITY's vicarious liability for acts and omissions of municipal

8

1 employees undertaken in the course and scope of their employment pursuant to
2 California Government Code §§ 815.2(a) and 820(a).

37. At approximately 7:58 a.m. on December 5, 2017, Plaintiff SAUL YONKO was outside his residence, which is located in the 1700 block of Old Baldy Way, when OFFICER RANDALL LAYNE, while acting under color of state law and in the course and scope of their employment with the Defendant CITY and the Upland Police Department, negligently assessed the circumstances presented to him, and then violently confronted Plaintiff without having probable cause or reasonable suspicion to believe that Plaintiff had committed a crime, or would commit a crime in the future. At the time that LAYNE first encountered Plaintiff, it was or should have been apparent to LAYNE that YONKO was mentally unwell and/or going through a mental health crisis.

38. Without warning, one of the LAYNE proceeded to negligently discharge his department-issued firearm at the person of Plaintiff, inflicting a gunshot wound to Plaintiff's leg. At no time during the course of these events did Plaintiff pose any immediate threat of death or serious bodily injury to any person, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful.

39. Both prior to and during the time in which he was shot, Plaintiff posed no immediate threat of death or serious bodily injury to LAYNE, nor to any other individual. Both prior to and during the time in which he shot Plaintiff, LAYNE was not faced with any circumstances which would have led a reasonable police officer to believe that Plaintiff posed an immediate threat of death or serious bodily injury to any person.

40. Plaintiffs are informed, believe, and thereon allege that on and before December 5, 2017, the LAYNE had a duty to exercise the reasonable and ordinary care which would be expected of a similarly situated peace officer in the use of deadly force, and had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the execution of police tactics and procedures in

9

approaching and/or attempting to detain and/or arrest non-dangerous civilians and suspects who do not pose an immediate threat of death or serious bodily injury to any person. Notwithstanding each of these duties, LAYNE failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to, negligently failing to utilize additional departmental resources during the incident, negligently failing to utilize available forms of cover and concealment during the incident, negligently failing to maintain a position of tactical advantage during the incident, negligently failing to communicate and/or effectively communicate with one another and Plaintiff, negligently failing to utilize less lethal force options and other alternatives less intrusive than deadly force during the incident, negligently failing to de-escalate the situation involving Plaintiff prior to using deadly force, negligently employing a tactical response to the situation involving Plaintiff that resulted in the unnecessary and preventable shooting of Plaintiff, negligently failing to determine the fact that Plaintiff posed no immediate threat of death or serious bodily injury to any person when he was shot, negligently inflicting physical injury upon Plaintiff as described herein, and negligently employing deadly force against Plaintiff when the same was unnecessary and unlawful.

41. As a direct and proximate result of the negligent acts and omissions of the Defendants, and each of them, Plaintiff was shot on December 5, 2017, and suffered severe injuries which include, but are not limited to, a gunshot wound to his person, as well as great mental and physical pain and injuries.

42. As a further proximate result of the negligent acts and omissions of the Defendants, and each of them, Plaintiff has been required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for him, and has incurred and continues to incur expenses for emergent and other medical services, treatment, and care in an amount according to proof at trial.

///
///

# FOR THE FOURTH CAUSE OF ACTION

**(By Plaintiffs MARILYN YONKO and WALTER TRACY Against All Defendants for Negligent Infliction of Emotional Distress [Cal. Gov't Code §§ 815.2(a), 820(a)])**

43. Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

44. This cause of action is brought by Plaintiffs MARILYN YONKO and WALTER TRACY individually.

45. All claims asserted herein against the Defendant CITY are presented pursuant to the CITY's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

46. At approximately 7:58 a.m. on December 5, 2017, Plaintiff SAUL YONKO, the biological son of Plaintiffs MARILYN YONKO and WALTER TRACY, was outside his residence, which is located in the 1700 block of Old Baldy Way, when the Defendant RANDALL LAYNE, while acting under color of state law and in the course and scope of his employment with the CITY and the Upland Police Department, negligently assessed the circumstances presented to him, and then violently confronted Plaintiff SAUL YONKO, in the immediate presence of Plaintiffs MARILYN YONKO and WALTER TRACY, without having probable cause or reasonable suspicion to believe that Plaintiff SAUL YONKO had committed a crime, or would commit a crime in the future. At the time that RANDALL LAYNE first encountered Plaintiff he was obviously mentally unwell and/or going through a mental health crisis.

47. Without warning, LAYNE negligently shot and severely wounded Plaintiff without legal justification, as described in the foregoing paragraphs of this Complaint.

48. Throughout all of the above-described events, Plaintiffs MARILYN YONKO and WALTER TRACY were present at the location where the officer-involved shooting of their birth son, Plaintiff SAUL YONKO, when the incident occurred occurred, and personally witnessed the shooting of Plaintiff SAUL YONKO, their

biological son. Plaintiffs MARILYN YONKO and WALTER TRACY were present and contemporaneously aware of the events leading up and including the shooting of their biological son, and have suffered and continue to suffer severe emotional distress, as a result of witnessing those events.

49. As a direct and proximate result of the above-described acts and omissions of the Defendant DOE Officers, Plaintiffs MARILYN YONKO and WALTER TRACY have suffered severe emotional distress, mental pain, suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, and shock, all to their damage in a sum to be determined at trial.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

1. For general and special damages in an amount according to proof at trial;
2. For past and future medical and related expenses according to proof at trial;
3. For past and future loss of wages and/or earnings and/or earning capacity according to proof at trial;
4. For costs of suit incurred herein;
5. For attorneys' fees incurred herein, as provided by law;
6. For punitive damages against the individual Defendants in their individual capacities in an amount according to proof at trial; and
7. For such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiffs hereby demand that a jury be impaneled for the trial of this matter.

DATED: August 19, 2021      Respectfully submitted,

**THE COCHRAN FIRM CALIFORNIA**

By: /s/ Brian T. Dunn
    BRIAN T. DUNN
    EDWARD M. LYMAN, III.
    Attorneys for All Plaintiffs