1  **STEVEN J. ROTHANS – State Bar No. 106579**
   **YARON F. DUNKEL – State Bar No. 215873**
2  **CARPENTER, ROTHANS & DUMONT**
   **500 South Grand Avenue, 19th Floor**
3  **Los Angeles, CA 90071**
   **(213) 228-0400**
4  **(213) 228-0401 [Fax]**
   **srothans@crdlaw.com | ydunkel@crdlaw.com**
5  **www.crdlaw.com**

6  Attorneys for Defendant, Randall Layne, a public employee

7

8             UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| SAUL YONKO, an individual; MARILYN YONKO, an individual; and WALTER TRACY, an individual, <br><br>Plaintiffs, <br><br>vs. <br><br>CITY OF UPLAND, a municipal entity, RANDALL LAYNE, a public defendant, and DOES 1 through 10, inclusive, <br><br>Defendants. | Case No.: 5:18-cv-02259-SVW-SP <br><br>**DEFENDANT RANDALL LAYNE'S ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL** |

## ADMISSIONS AND DENIALS

1. In response to Paragraph 1 of the First Amended Complaint for Damages, this answering defendant admits that federal jurisdiction is proper with respect to plaintiff's claim pursuant to 42 U.S.C. § 1983.

2. In response to Paragraph 2 of the First Amended Complaint for Damages, this answering defendant admits that venue is proper.

3. In response to Paragraph 3 of the First Amended Complaint for Damages, this answering defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and on that basis deny those allegations.

1    4.    In response to Paragraph 4 of the First Amended Complaint for Damages, this answering defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and on that basis deny those allegations.

5.    In response to Paragraph 5 of the First Amended Complaint for Damages, this answering defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and on that basis deny those allegations.

6.    In response to Paragraph 6 of the First Amended Complaint for Damages, this answering defendant admits that the City of Upland is a governmental entity in the State of California, and has been dismissed.

7.    In response to Paragraph 7 of the First Amended Complaint for Damages, this answering defendant admits that he is and was a sworn peace officer acting under color of law and in the course and scope of employment with the City of Upland.  The police department is not a separate entity.

8.    In response to Paragraph 8 of the First Amended Complaint for Damages, this answering defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and on that basis deny those allegations.

8.    In response to Paragraph 9 of the First Amended Complaint for Damages, this answering defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and on that basis deny those allegations.

9.    In response to Paragraph 10 of the First Amended Complaint for Damages, this answering defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and on that basis deny those allegations.

///

ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES;
DEMAND FOR JURY TRIAL

10. In response to Paragraph 11 of the First Amended Complaint for Damages, this answering defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and on that basis deny those allegations.

11. In response to Paragraph 12 of the First Amended Complaint for Damages, this answering defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and on that basis deny those allegations.

12. In response to Paragraph 13 of the First Amended Complaint for Damages, this answering defendant denies each and every allegation set forth therein.

13. In response to Paragraph 14 of the First Amended Complaint for Damages, this answering defendant denies each and every allegation set forth therein.

14. In response to Paragraph 15 of the First Amended Complaint for Damages, this answering defendant denies each and every allegation set forth therein.

15. In response to Paragraph 16 of the First Amended Complaint for Damages, this answering defendant denies each and every allegation set forth therein.

16. In response to Paragraph 17 of the First Amended Complaint for Damages, this answering defendant denies each and every allegation set forth therein.

17. In response to Paragraph 18 of the First Amended Complaint for Damages, this answering defendant denies each and every allegation set forth therein.

18. In response to Paragraph 19 of the First Amended Complaint for Damages, this answering defendant denies each and every allegation set forth

therein.

19. In response to Paragraph 20 of the First Amended Complaint for Damages, this answering defendant denies each and every allegation set forth therein.

20. In response to Paragraph 21 of the First Amended Complaint for Damages, this answering defendant denies each and every allegation set forth therein.

21. In response to Paragraph 22 of the First Amended Complaint for Damages, this answering defendant denies each and every allegation set forth therein.

22. In response to Paragraph 23 of the First Amended Complaint for Damages, this answering defendant denies each and every allegation set forth therein.

23. In response to Paragraph 24 of the First Amended Complaint for Damages, this answering defendant denies each and every allegation set forth therein.

24. In response to Paragraph 25 of the First Amended Complaint for Damages, this answering defendant denies each and every allegation set forth therein.

25. In response to Paragraph 26 of the First Amended Complaint for Damages, this answering defendant denies each and every allegation set forth therein.

26. In response to Paragraph 27 of the First Amended Complaint for Damages, this answering defendant denies each and every allegation set forth therein.

27. In response to Paragraph 28 of the First Amended Complaint for Damages, this answering defendant denies each and every allegation set forth therein.

1  28.  In response to Paragraph 29 of the First Amended Complaint for Damages, this answering defendant denies each and every allegation set forth therein.

2  29.  In response to Paragraph 30 of the First Amended Complaint for Damages, this answering defendant denies each and every allegation set forth therein.

30.  In response to Paragraph 31 of the First Amended Complaint for Damages, this answering defendant denies each and every allegation set forth therein.

31.  In response to Paragraph 32 of the First Amended Complaint for Damages, this answering defendant denies each and every allegation set forth therein.

32.  In response to Paragraph 33 of the First Amended Complaint for Damages, this answering defendant denies each and every allegation set forth therein.

33.  In response to Paragraph 34 of the First Amended Complaint for Damages, this answering defendant denies each and every allegation set forth therein.

34.  In response to Paragraph 35 of the First Amended Complaint for Damages, this answering defendant denies each and every allegation set forth therein.

35.  In response to Paragraph 36 of the First Amended Complaint for Damages, this answering defendant denies each and every allegation set forth therein.

36.  In response to Paragraph 37 of the First Amended Complaint for Damages, this answering defendant denies each and every allegation set forth therein.

///

ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES;
DEMAND FOR JURY TRIAL

1  37. In response to Paragraph 38 of the First Amended Complaint for Damages, this answering defendant denies each and every allegation set forth therein.

4  38. In response to Paragraph 39 of the First Amended Complaint for Damages, this answering defendant denies each and every allegation set forth therein.

7  39. In response to Paragraph 40 of the First Amended Complaint for Damages, this answering defendant denies each and every allegation set forth therein.

10  40. In response to Paragraph 41 of the First Amended Complaint for Damages, this answering defendant denies each and every allegation set forth therein.

13  41. In response to Paragraph 42 of the First Amended Complaint for Damages, this answering defendant denies each and every allegation set forth therein.

16  42. In response to Paragraph 43 of the First Amended Complaint for Damages, this answering defendant denies each and every allegation set forth therein.

19  43. In response to Paragraph 44 of the First Amended Complaint for Damages, this answering defendant denies each and every allegation set forth therein.

22  44. In response to Paragraph 45 of the First Amended Complaint for Damages, this answering defendant denies each and every allegation set forth therein.

25  45. In response to Paragraph 46 of the First Amended Complaint for Damages, this answering defendant denies each and every allegation set forth therein.

///

- 6 -

ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES;
DEMAND FOR JURY TRIAL

46. In response to Paragraph 47 of the First Amended Complaint for Damages, this answering defendant denies each and every allegation set forth therein.

47. In response to Paragraph 48 of the First Amended Complaint for Damages, this answering defendant denies each and every allegation set forth therein.

48. In response to Paragraph 49 of the First Amended Complaint for Damages, this answering defendant denies each and every allegation set forth therein.

49. In response to Paragraph 50 of the First Amended Complaint for Damages, this answering defendant denies each and every allegation set forth therein.

## AFFIRMATIVE DEFENSES

1. The First Amended Complaint, or any purported claim or cause of action alleged therein, is barred by the applicable statute of limitations, pursuant to 42 U.S.C. § 1983 and Code of Civil Procedure sections 335.1, 340 and Government Code 945.6, et seq.

2. The First Amended Complaint fails to state a claim against this answering defendant.

3. Any damages which resulted to the plaintiffs were caused by third parties whose acts were superseding and intervening to any cause relating to this answering defendant.

4. Any recovery on The First Amended Complaint, or any purported claim or cause of action alleged therein, is barred in whole or in part by the plaintiffs' failure to mitigate their damages.

5. Any recovery on The First Amended Complaint, or any purported claim or cause of action alleged therein, is barred in whole or in part by the plaintiffs' comparative fault.

6. Any recovery on The First Amended Complaint, or any purported claim or cause of action alleged therein, is barred in whole or in part by the comparative fault of others.

7. Any recovery on The First Amended Complaint, or any purported claim or cause of action alleged therein, is barred in whole or in part by the plaintiffs' own conduct which violated numerous provisions of the California Penal Code and, as such, was negligent per se.

8. The plaintiffs lack standing to maintain the instant action.

9. The acts complained of by plaintiffs were provoked by unlawful and wrongful conduct of the Saul Yonko in that he willfully, maliciously, unlawfully, and wrongfully interfered with the lawful orders of a police officer, and purposefully assaulted the officers with a knife, resisted the detention, arrest and/or investigatory orders, despite requests that he desist, and continued to do so.

10. The acts or omissions of the Officers from the City of Upland and any other officer who may be named as a defendant in this action were objectively reasonable and made with a good faith belief that Plaintiffs and Mr. Yonko posed a significant threat of death or serious physical injury to the officer or others. Scott v. Henrich, 39 F.3d 912, 914 (9th Cir. 1994).

11. Officers from the City of Upland and any other officer who may be named as a defendant in this action are entitled to qualified immunity under City of Escondido, Cal. v. Emmons, 139 S.Ct. 500, 503 (U.S. 2019), White v. Pauly, 137 S.Ct. 548, 552 (U.S. 2017); Estate of Serrano v. Trieu, 713 Fed.Appx. 631, 632 (9th Cir. 2018).

12. This answering defendant is immune from liability as to the plaintiffs' state tort claims pursuant to the provisions of California Government Code sections 815, 815.2, 815.4, 815.6, 818.2, 818.4, 818.6, 820.2, 820.25, 820.4, 820.6, 820.8, 821, 821.6, 844, 844.6, 845, 845.2 and 845.6; Civil Code

section 43.55; and Penal Code sections 243, 834, 835, 836, 836.5, 847 and 1389.

13. To the extent the First Amended Complaint seeks compensation for any state tort claims, those claims are barred in that the plaintiffs have failed to properly comply with the provisions of the California Tort Claims Act in the filing of an appropriate claim with a public entity prior to the initiation of the lawsuit, pursuant to the provisions of Government Code sections 900, 901, 910 and 911.2; furthermore, the Tort Claim submitted does not authorize the various state torts set forth in the First Amended Complaint.

14. At all times mentioned in the First Amended Complaint, plaintiffs knowingly, willingly and voluntarily assumed the risks involved in the conduct and appreciated the foreseeability of being injured, when he continued his conduct and actions of refusing to obey the lawful orders of peace officers, resisting the detention and/or arrest and/or attempting to escape and/or flee a lawful arrest and/or detention. Despite said knowledge and appreciation of the risk of injuries, plaintiffs voluntarily chose to continue their actions and conduct, which resulted in their alleged injuries and damages.

15. All times mentioned in the First Amended Complaint, and prior to the time when the defendants are alleged to have committed the acts complained of, plaintiffs willfully, wrongfully and unlawfully refused to follow the reasonable instructions and directions and commands of said police officers, and attempted to assault, batter and use deadly force on the police officers, as well as presented a threat to others in the vicinity, so as to cause defendants' employees to take reasonable action to restrain Saul Yonko, overcome resistance and use deadly force. For this reason, the conduct of the defendant officers was in the interests of officer safety, self-defense, defense of others, and in defense of property.

16. The officers' conduct at the time of this incident was privileged under California law.

- 9 -
ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES;
DEMAND FOR JURY TRIAL

17. The conduct of this answering defendant and its agents, employees, and officers was objectively reasonable and did not rise to the level of a deliberate indifference to a serious medical need.

18. Plaintiffs' claims as set forth in the First Amended Complaint are barred by <u>Heck v. Humphrey</u> (1994) 512 U.S. 477, 486-487, and <u>Susag v. City of Lake Forest</u> (2002) 94 Cal.App.4th 1401, 1413.

19. This answering defendant alleges that the First Amended Complaint fails to state facts sufficient to constitute a cause of action against this Answering Defendant as California Civil Code § 3294, to the extent that Plaintiff will claim punitive damages, is invalid on its face and/or as applied to this Answering Defendant pursuant to the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and Article I of the Constitution of California.

20. This answering defendant reserves the right to amend additional affirmative defenses that may become known.

WHEREFORE, this answering defendant assert prays as follows:

1. That the plaintiffs take nothing by way of their Complaint.

2. That this answering defendant recover the costs of suit incurred herein.

3. That this answering defendant recover reasonable attorney's fees incurred herein, pursuant to 42 U.S.C. § 1988 and Code of Civil Procedure sections 1021.7 and 1038; and

4. That the Court award such other and further relief as it deems just and proper.

DATED: October 21, 2021     CARPENTER, ROTHANS & DUMONT LLP

By: /s/ *Yaron F. Dunkel*
    Steven J. Rothans
    Yaron F. Dunkel
    Attorneys for Defendant,
    Randall Layne, a public employee

ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES;
DEMAND FOR JURY TRIAL