# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

- - -

HONORABLE STEPHEN V. WILSON, DISTRICT JUDGE PRESIDING

SAUL YONKO, et al.,            )
                               )
    Plaintiffs,                )
                               )
                               )
                               )
    vs.                        ) No. CV 18-02259-SVW
                               )
                               )
                               )
CITY OF UPLAND, et al.,        )
                               )
    Defendants.                )
_____)

REPORTER'S TRANSCRIPT OF PROCEEDINGS

*PLAINTIFF'S MOTION TO AMEND COMPLAINT [25]; DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [26]; MOTION TO COMPEL [30]*

LOS ANGELES, CALIFORNIA

MONDAY, SEPTEMBER 20, 2021

_____

MARIA R. BUSTILLOS
OFFICIAL COURT REPORTER
C.S.R. 12254
UNITED STATES COURTHOUSE
350 WEST 1ST STREET
SUITE 4455
LOS ANGELES, CALIFORNIA 90012
(213) 894-2739

**A P P E A R A N C E S**

**ON BEHALF OF THE PLAINTIFFS,
SAUL YONKO, et al.:**   COCHRAN FIRM CALIFORNIA
BY: [!ATTORNEY1], ESQ.
4929 WILSHIRE BOULEVARD
SUITE 1010
LOS ANGELES, CA 90010
(323)435-8205

[!FIRM2]
BY: [!ATTORNEY2], ESQ.
[!ADDRESS-A2]
[!ADDRESS-B2]
[!CITY2], [!STATE2] [!ZIP2]
[!PHONE NUMBER2]
[!E-MAIL2]

**ON BEHALF OF THE DEFENDANTS,
CITY OF UPLAND, et al.:**   CARPENTER ROTHANS & DUMONT, LLP
BY: YARON F. DUNKEL, ESQ.
500 SOUTH GRAND AVENUE
19TH FLOOR
LOS ANGELES, CA 90071
(213)228-0400

**I N D E X**

PAGE

PLAINTIFF'S MOTION TO AMEND COMPLAINT [25]; DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT [26]; MOTION TO COMPEL [30]:    4

```
 1            LOS ANGELES, CALIFORNIA; MONDAY, SEPTEMBER 20, 2021
 2                               -o0o-
 3                  (COURT IN SESSION AT 4:17 P.M.)
 4            THE COURTROOM DEPUTY:  Item 15, CV 18-02259-SVW:
 5   Saul Yonko v. City of Upland.
 6            Counsel, please state your appearances.
 7            MR. DUNKEL:  Good afternoon, Your Honor.
 8   Yaron Dunkel for the City of Upland, defendant.
 9            MS. SEDAGHATFAR:  Good afternoon, Your Honor.
10   Anahita Sedaghatfar appearing for Brian Dunn on behalf of the
11   plaintiffs.
12            THE COURT:  This is a -- a just one moment.  This
13   is a status conference, correct?
14            MR. DUNKEL:  No, Your Honor.
15            THE COURT:  Oh, motion for summary judgment, right.
16   And the -- well, I'm using it as something of a status
17   conference, in addition.
18            Have the parties considered the question of the
19   applicability of Heck v. Humphrey in this context?  I don't
20   recall ever seeing a case like this.  I'm sure there are
21   others where someone was -- there was a criminal charge and
22   the defendant in the criminal case, now the plaintiff in the
23   civil rights case was deemed incompetent to stand trial.  So
24   I guess there was no conviction; is that the idea?
25            MR. DUNKEL:  That's my understanding,
```

1  Your Honor.  I don't know for a fact, but it appears there
2  was no conviction -- there was no conviction.  The reason for
3  the non-conviction being a defendant, I do not know.
4           THE COURT:  I see.  And from the plaintiff's
5  standpoint, I take it there was no conviction, that's why
6  *Heck v. Humphrey* doesn't present itself.
7           MS. SEDAGHATFAR:  Right.  My understanding is that
8  he was mentally incompetent to stand trial, and that's why
9  the civil case was stayed for the three years that it was
10 stayed.  We didn't represent him in that criminal proceeding.
11          THE COURT:  Yeah, but I mean, Defense counsel must
12 know what the criminal docket shows; what was -- was there a
13 judgment of conviction or -- or was -- what is the -- what is
14 the formal resolution of a case where a defendant is deemed
15 incompetent to stand trial?
16          MR. DUNKEL:  We're the City of Upland.  I've looked
17 in the court -- the criminal court's docket, and it reflects
18 simply dismissed.  It doesn't say the actual resolution --
19          THE COURT:  So is "dismissed" -- "dismissed" means
20 there was no judgment.  In order for there to be a
21 conviction, there has to be a judgment.  There's no judgment
22 of conviction.
23          MR. DUNKEL:  Correct.  What I'm saying, Your Honor,
24 is being the City of Upland, we -- we don't know the reasons
25 for it.  The plaintiff would know, obviously.

| | |
|---|---|
| 1 | MS. SEDAGHATFAR: I believe Brian Dunn, the |
| 2 | attorney on this case, has viewed the video. And so it was |
| 3 | disclosed through counsel, I believe, the name of the |
| 4 | shooting officer. |
| 5 | THE COURT: Yes. So what is your position? |
| 6 | MS. SEDAGHATFAR: So that's the theory of liability |
| 7 | would be that we would want to name the individual officer. |
| 8 | THE COURT: No, what is your position in terms |
| 9 | of -- of the 1983 excessive force? Why was the force |
| 10 | excessive under these circumstances? |
| 11 | MS. SEDAGHATFAR: It was unjustified. I think |
| 12 | those are the allegations in the complaint, that there is no |
| 13 | direct threat of harm to anybody. Apparently, from my |
| 14 | understanding, he was not running toward the officers at the |
| 15 | time of the shooting. |
| 16 | THE COURT: I see. I see. All right. Well -- all |
| 17 | right. ==Here's what I'm going to do: I'm going to allow the== |
| 18 | ==amendment.== Have you filed the amended complaint? |
| 19 | MS. SEDAGHATFAR: Yes, it's been filed, Your Honor. |
| 20 | THE COURT: Then it's deemed filed. And the |
| 21 | summary judgment motion is taken off calendar, because the |
| 22 | only way the City could be liable would be under a Monell |
| 23 | theory. And in order to even address Monell, there has to be |
| 24 | a pathway through a -- a -- a constitutional violation, and |
| 25 | that would depend upon the litigation involving this |

1    individual officer.  Excessive force cases are generally not
2    conducive to summary judgment or -- but they're -- there are
3    many cases, including recent Supreme Court cases of which
4    maintain that under certain circumstances, qualified immunity
5    is available to an officer, depending upon the circumstances;
6    but I'm going to -- have you noticed the deposition of the
7    officer?
8            MS. SEDAGHATFAR:  We have not done that yet.  I
9    believe they had prior --
10           THE COURT:  You better do that, because I'm going
11   to set a trial date, and you better get ready for the trial,
12   unless there's some disposition short of trial.
13           MR. DUNKEL:  Your Honor, if I may just point out
14   something?
15           THE COURT:  Yes.
16           MR. DUNKEL:  A couple of things:  We typically --
17   right now we have a trial date of October 4.
18           THE COURT:  Well, I'm vacating that date.
19           MR. DUNKEL:  I understand. So ultimately, we have
20   issues of -- we've noticed the plaintiff's deposition and
21   they have not -- they've not been produced.  We have
22   discovery issues.  And I do want to point out to the Court,
23   just so the Court is aware:  The only claim -- the only
24   federal claim at issue right now even with the amended
25   complaint, is against the officer.  The causes of action

1   against the City until -- and through now, even with the
2   amended complaint --
3           THE COURT:  Well, I'm going to bifurcate the cause
4   of action against the City --  the Monell theory.
5           MR. DUNKEL:  There is no Monell theory, Your Honor.
6   Even with the amended complaint --
7           THE COURT:  Well, I'll -- I'm going to dismiss the
8   City without prejudice, but I'm -- but the -- the amended
9   complaint is against the officer.  Who is representing the
10  officer?
11          MR. DUNKEL:  He has not been served.  If he's being
12  served, we will likely --
13          THE COURT:  Well, when are you going to serve him?
14          MS. SEDAGHATFAR:  As soon as --
15          THE COURT:  All right.  You better serve him
16  promptly.
17          MS. SEDAGHATFAR:  Okay, Your Honor.
18          THE COURT:  And then as soon as there's an answer
19  filed, I'll have another status conference. That's what
20  happens almost immediately.  All right.  Thank you.
21          MS. SEDAGHATFAR:  Thank you, Your Honor.
22          MR. DUNKEL:  Just so I understand, Your Honor, are
23  we -- you said you're going to dismiss the City.  What --
24          THE COURT:  City is dismissed without prejudice,
25  but the City could be renamed, depending upon how the

```
 1    litigation pursues and if there's a viable practice or
 2    policy.
 3               MR. DUNKEL:  Understood.  Thank you,
 4    Your Honor.
 5               THE COURT:  That's why it's without prejudice.
 6               MS. SEDAGHATFAR:  Thank you, Your Honor.
 7               MR. DUNKEL:  Thank you, Your Honor.
 8               THE COURT:  Yes.
 9                   (Whereupon, proceeding adjourned.)
10                              - - -
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                    C E R T I F I C A T E
 2
 3
 4
 5    SAUL YONKO, et al.                    :
 6                vs.                       :  No. CV 18-02259-SVW
 7    CITY OF UPLAND, et al.                :
 8
 9
10    I, MARIA BUSTILLOS, OFFICIAL COURT REPORTER, IN AND FOR THE
11    UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF
12    CALIFORNIA, DO HEREBY CERTIFY THAT PURSUANT TO SECTION 753,
13    TITLE 28, UNITED STATES CODE, THE FOREGOING IS A TRUE AND
14    CORRECT TRANSCRIPT OF THE STENOGRAPHICALLY REPORTED
15    PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER AND THAT THE
16    TRANSCRIPT PAGE FORMAT IS IN CONFORMANCE WITH THE REGULATIONS
17    OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.
18    FEES CHARGED FOR THIS TRANSCRIPT, LESS ANY CIRCUIT FEE
19    REDUCTION AND/OR DEPOSIT, ARE IN CONFORMANCE WITH THE
20    REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.
21
22    /S/_____          _10/15/2021_
23    MARIA R. BUSTILLOS                   DATE
      OFFICIAL REPORTER
24
25
```