**STEVEN J. ROTHANS – State Bar No. 106579**
**YARON F. DUNKEL – State Bar No. 215873**
**CARPENTER, ROTHANS & DUMONT LLP**
500 South Grand Avenue, 19th Floor
Los Angeles, CA 90071
(213) 228-0400
(213) 228-0401 [Fax]
srothans@crdlaw.com | ydunkel@crdlaw.com
www.crdlaw.com

Attorneys for Defendant, Randall Layne, a public employee

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUL YONKO, an individual; MARILYN YONKO, an individual; and WALTER TRACY, an individual,<br><br>         Plaintiffs,<br><br>    vs.<br><br>CITY OF UPLAND, a municipal entity, RANDALL LAYNE, a public employee and DOES 1 through 10, inclusive,<br><br>         Defendants. | Case No.: 5:18-cv-02259<br><br>[Assigned to the Magistrate Judge, Hon. Sheri Pym for Discovery]<br><br>**\*DISCOVERY MATTER\***<br><br>**DEFENDANT RANDALL LAYNE'S REPLY TO PLAINTIFFS' LATE OPPOSITION TO MOTION TO COMPEL PLAINTIFF SAUL YONKO TO ATTEND HIS DEPOSITION**<br><br>**[Fed. R. Civ. P. 26, 30 & 37]**<br><br>DATE:             February 1, 2022<br>TIME:              10:00 a.m.<br>COURTROOM:  "3"<br><br>Discovery Cut Off: None<br>Motion Cut Off: None<br>Pre-Trial Conf.: March 22, 2022<br>Trial Date:        March 29, 2022 |

Comes now Defendant Randall Layne and hereby replies to Plaintiffs' late Opposition to Defendant's motion compel the deposition of Saul Yonko.

1.  Plaintiffs' opposition was late, it was due January 11, 2022 (21 days before the February 1, 2022 hearing). Therefore, Plaintiffs' opposition should be

disregarded under FED. R. CIV. PROC., RULE 7-12.

2.   A conservatorship "does not involve an adjudication of incompetence". Scott v. Superior Court, 204 Ca.App.4th 326, 336 (Cal. 2012). Plaintiffs offered no legal authority disputing the law, nor any expert evidence to support their claim that Saul Yonko is unable to testify. The fact that plaintiffs didn't provide an expert declaration to justify their refusal to produce Saul for deposition demonstrates that their refusal (and opposition) is frivolous.

3.   Defendant and his counsel met and conferred since at least August 27, 2021 and again between November 24, 2021 and December 21, 2022 prior to filing the motion, and gave Plaintiffs more than statutory time to contribute to a Joint Stipulation. Plaintiffs did not contribute to a Joint Stipulation and their meager and frivolous opposition demonstrates that Plaintiffs have no legal nor medical justification for their refusal to allow Saul to testify.

## I. <u>PLAINTIFFS' OPPOSITION WAS UNTIMELY AND SHOULD BE STRICKEN AND DISREGARDED</u>

Plaintiffs' Opposition to the Defendant's motion was due January 11, 2022, 21 days before the February 1, 2022 hearing. FED. R. CIV. PROC., RULE 7-9. The rule states:

> "[the] **opposing party** shall… not later than twenty-one (21) days before the date designated for the hearing of the motion … serve upon all other parties and file …the evidence upon which the opposing party will rely in opposition to the motion and a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely".

The court should decline to consider Plaintiffs' late opposition, because it was served and filed on January 12, 2022, giving the defendant only 6 days to file

- 2 -

DEFENDANT RANDALL LAYNE'S REPLY TO PLAINTIFFS' LATE OPPOSITION TO MOTION TO COMPEL PLAINTIFF SAUL YONKO TO ATTEND HIS DEPOSITION

a reply brief.  FED. R. CIV. PROC., RULE 7-12.

> "The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."

FED. R. CIV. PROC., RULE 7-12.

Here, the hearing of the motion is February 1, 2022, and the opposition was due on January 11, 2022.  Plaintiffs did not file and serve their opposition until February 12, 2022.  Plaintiffs' late opposition is inexcusable because (1) Plaintiffs were given more notice of hearing for the motion than is required by statute, (2) Defendant's counsel has been meeting and conferring regarding Saul Yonko's deposition since at least August 27, 2021, (3) Defendant has given the Plaintiffs on December 19, 2021 the legal authorities showing that conservatorship does not affect the plaintiff's competence to testify (the burden is on the plaintiffs, not on the defendant), but Plaintiffs still refused to produce Saul for deposition; and (4) Plaintiffs were given a joint stipulation on December 21, 2021 – which Plaintiffs ignored.

Plaintiffs have no excuse to have served their meager opposition late. Defendant requests that the Court grant the motion to compel

## II. PLAINTIFFS OFFERED NO EVIDENCE THAT SAUL IS "INCOMPETENT"; THE ORDER RE CONSERAVTORSHIP DOES NOT "INVOLVE AN ADJUDICATION OF INCOMPETENCE".

Plaintiffs' argument that Saul is incompetent is frivolous and was rejected in Scott, supra, 204 Ca.App.4th at 336.  "Importantly, '[a]ppointment of a conservator under LPS [Lanterman-Petris-Short Act], …does not involve an adjudication of incompetence.'"  Scott, supra, 204 Ca.App.4th at 336, citing to

1  California Welfare & Institutions Code.  "'It is one of the cardinal principles of
2  LPS that mental patients may not be presumed incompetent solely because of
3  their hospitalization.' [Citation.]  'No person may be presumed to be incompetent
4  because he or she has been evaluated or treated for mental disorder ..., regardless
5  of whether such evaluation treatment was voluntarily or involuntarily received."
6  (§ 5331.)" Ibid.

7  Despite the ruling in Scott, Plaintiffs filed a brief with this court that did
8  not offer any legal authority justifying their opposition brief, much less their
9  refusal to produce Saul Yonko for deposition.  Plaintiffs' substantive opposition
10  was contained in 4 lines (Opposition, p. 4:12-13), without any legal authority.
11  Moreover, Plaintiffs could not even support their opposition with facts - they
12  didn't provide a declaration from a single medical doctor or psychologist to
13  support Mr. Lyman's arguments that Saul is "disabled", or Plaintiffs' claim that
14  Saul is "incompetent".  Plaintiffs don't even present evidence that Saul is under
15  the care of any mental health physician currently – which demonstrates that
16  Plaintiffs' opposition brief without any legal and factual justification is a flagrant
17  violation of Saul Yonko's obligation to participate in discovery and attend
18  deposition.  The Plaintiffs resisting discovery had the burden to support their
19  objections. Chubb Integrated Systems Ltd. v. National Bank of Washington, 103
20  F.R.D. 52, 58 (D.C.D.C.,1984).  Plaintiffs' opposition did not even attempt to
21  meet that burden, and Mr. Yonko should be ordered to appear for deposition
22  within 5 days.

### III. DEFENDANT MET AND CONFERRED AND GAVE PLAINTIFF STATUTORY TIME TO PARTICIPATE IN A JOINT STATEMENT PRIOR TO FILING THE MOTION

26  Plaintiffs' next frivolous argument was to blame Defendant for complying
27  with the statutes and local rules.  Defendant, of course, met and conferred

- 4 -

DEFENDANT RANDALL LAYNE'S REPLY TO PLAINTIFFS' LATE OPPOSITION TO
MOTION TO COMPEL PLAINTIFF SAUL YONKO TO ATTEND HIS DEPOSITION

repeatedly and was patient over Plaintiffs' attempts to prevent Saul Yonko's deposition. Defendant itemized those efforts in his moving papers, but which began as early as August 27, 2021, when Mr. Lyman wrote "We need to reschedule Mr. Yonko's deposition" (stating that they merely wanted a new date, rather than refuse to appear), and multiple emails from November 24, 2021 through December 21, 2021. [Attached as Exhibit "J"] On December 19, 2021 when Plaintiffs' counsel claimed that the Conservatorship Order allowed Marilyn Yonko to control her son to such an extent that she can silence his right (and obligation) to testify, Defendant cited to Scott, supra, 204 Ca.App.4th at 336. Plaintiffs had nothing to justify their refusal to engage in deposition – as the Opposition amply shows. It is obvious that no amount of additional meet and confer would have encouraged Plaintiffs to comply with Saul Yonko's obligations to appear for deposition. Plaintiffs should have been upfront about their intention to delay discovery as close as possible to the March 29, 2022 trial date. Defendant patiently met and conferred, and gave Plaintiffs the benefit of the doubt, in attempt to avoid a motion. In fact, Plaintiffs' delays in justifying their refusal to appear for deposition forced Defendant to designate experts before Defendant could depose Plaintiff Saul.

Finally, Plaintiffs complain that they were given 9 days (between February 21, 2022 and February 30, 2022) to provide their portion of the Joint Stipulation. Defendant emailed the proposed stipulation with all the exhibits on February 21, 2022. [Exhibit "K'.] Defendant patiently waited 9 days to file the motion on December 30, 2021. [Doc. 61.] The local rules expressly required Plaintiffs to provide their portion within 7 *calendar* days. CA CENT DIST, RULE 37-2.2.

> "Unless the parties agree otherwise, **within seven days** of receipt of the moving party's material, counsel for the **opposing party must** personally deliver, e-mail, or fax to counsel for the moving party the

- 5 -

DEFENDANT RANDALL LAYNE'S REPLY TO PLAINTIFFS' LATE OPPOSITION TO MOTION TO COMPEL PLAINTIFF SAUL YONKO TO ATTEND HIS DEPOSITION

        opposing party's portion of the stipulation, together with all declarations and exhibits to be offered in support of the opposing party's position." Ibid.

Not only Plaintiffs did not request a few more days to provide their portion of a stipulation (for any motion), but Defendant waited patient, giving Plaintiffs more than the 7 days required by the local rules before filing the motion. Plaintiffs still did not contribute to the motion and did not file a timely opposition. Plaintiffs has no right to complain that the rules required Plaintiffs to participate in the motion. [See Ahanchian v. Xenon Pictures, Inc. 624 F3d 1253, 1259, fn. 6 (9th Cir. 2010) —explaining that Rule 7-9 effectively grants only 7 days for plaintiffs to oppose motion filed on statutory notice.]

## IV.  CONCLUSION

The Court should refuse to consider Plaintiffs' late opposition. Even if the Court considers the opposition, Plaintiffs did not meet their burden of proof and offered no legal and factual support for the claim that Saul lacks the capacity to testify. Saul Yonko should be ordered to appear for deposition within 5 days from the date of the hearing.

DATED:  January 18, 2022        CARPENTER, ROTHANS & DUMONT LLP

        By:  /s/: Yaron F. Dunkel_____
              Steven J. Rothans
              Yaron F. Dunkel
              Attorneys for Defendant,
              Randall Layne, a public employee