**BRIAN T. DUNN, ESQ. (SBN 176502)**
Email: bdunn@cochranfirm.com
**EDWARD M. LYMAN III (SBN 248264)**
Email: elyman@cochranfirm.com
**THE COCHRAN FIRM- CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010
Telephone: (323) 435-8205
Facsimile: (323) 282-5280

Attorneys for all Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUL YONKO, et al. | **CASE NO.: 5:18-CV-02259-SVW-SP** |
| Plaintiffs, | [Hon. Stephen V. Wilson] |
| vs. | **PETITION FOR COMPROMISE OF DISPUTED CLAIM FOR INCOMPETENT ADULT SAUL YONKO** |
| CITY OF UPLAND, et al. | |
| Defendants. | |
| | Hearing Date: March 28, 2022<br>Time: 1:30 P.M.<br>Courtroom: 10A |

**TO THIS HONORABLE COURT, AND TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE that on March 28, 2022, at 1:30 P.M. or as soon thereafter as this matter may be heard in Courtroom 10A of the United States District Court, for the Central District of California, located at First Street Courthouse, 350 W. 1st Street, in Los Angeles, California, 90012, PETITIONER MARILYN YONKO, as proposed Guardian Ad Litem and conservator of conservatee/PLAINTIFF SAUL YONKO, in the above entitled action, will, and hereby does, petition the Court for an Order Approving the Compromise and Settlement of the Disputed Claims of conservatee/PLAINTIFF SAUL YONKO.

This Petition is brought following multiple settlement negotiations, (and a conference of counsel pursuant to Local Rule 7-3) which was held on March 21, 2022, and there will be NO OPPOSITION to this Petition.

**PETITION**

The petition of MARILYN YONKO, Guardian Ad Litem for conservatee SAUL YONKO, respectfully alleges:

**For Saul Yonko (Conservatee)**

1. Name of disabled: Saul Yonko
2. Age: 24 years
3. Date of Birth: 8/28/1997
4. Sex: Male
5. County of Residence of Petitioner: San Bernardino County
6. County of Residence of Disabled: San Bernardino County
7. Date of Incident: December 5, 2017
14. Place of Incident: City of Upland, CA.
15. Petitioner is the conservator, proposed guardian ad litem, and biological mother of disabled adult conservatee/PLAINTIFF SAUL

2

YONKO, and is solely competent and responsible for the guardianship of the financial interests of conservatee/PLAINTIFF SAUL YONKO with respect to this action.

16. An action has been filed on the claims of conservatee/PLAINTIFF SAUL YONKO, which, though the parties have reached a settlement, is presently at issue.

17. As a result of said incident, said conservatee/PLAINTIFF SAUL YONKO has a disputed claim for damages against the above named defendants, each of whom deny liability for the injuries and damages suffered by conservatee/PLAINTIFF SAUL YONKO but by way of compromise have offered to pay $450,000.00 (gross settlement for all Plaintiffs) in consideration of a full and final release and discharge of and from all claims, charges and demands conservatee/PLAINTIFF SAUL YONKO and Plaintiffs MARILYN YONKO and WALTER TRACY arising from said incident.

18. This petition was prepared by Brian T. Dunn, representing all parties to this litigation. Said counsel hereby represents to the court that he did not become concerned with this matter at the instance of the party against whom the claim of conservatee/PLAINTIFF SAUL YONKO is asserted and that he has not received, and does not expect to receive, any compensation for his services in connection herewith from any person other than the parties whom he represents as herein stated, or the insurer of such party.

   a. Further, as this Court may be aware, this matter concerns the officer involved shooting of conservatee/PLAINTIFF SAUL YONKO, which occurred around 7:58 a.m., on December 5, 2017, at the 1700 block of Old Baldy Way, in the City of Upland, California. On the morning of the incident,

|   |   |
|---|---|
| | PLAINTIFF SAUL YONKO was shot on the street outside of his parent's home in said city, county and state. Upland Police Department Officer DEFENDANT RANDALL LAYNE fired one round at PLAINTIFF SAUL YONKO, which wounded his leg. The San Bernardino Sheriff's Department and the District Attorney for the County of San Bernardino conducted a review of the officer involved shooting of conservatee/PLAINTIFF SAUL YONKO. The District Attorney's office concluded that Officer DEFENDANT RANDALL LAYNE'S use of force was not unlawful nor excessive and that his use of force was a proper exercise of his right of self-defense and defense of others and therefore his actions were legally justified. |
| b. | Following the release of the defendants' initial disclosures, Plaintiffs' counsel began reviewing and analyzing the confidential police reports, autopsy report, and photographs relating to the deputy involved shooting of PLAINTIFF SAUL YONKO, consisting of hundreds of pages of written and photographic materials. Depositions of the involved shooting officer Defendant RANDALL LAYNE and his partner Scott Long, were taken, and the depositions of Plaintiffs MARILYN YONKO and WALTER TRACY who witnessed the incident were also taken. |
| c. | Because this matter involved allegations of erratic, violent, and unpredictable behavior allegedly attributable to Plaintiff SAUL YONKO, who was in possession of a knife at the time of the shooting, issues of liability in this matter were vigorously contested, and, generally speaking, defense counsel affirmed the conclusions of the San Bernardino County District |

4

|   |   | Attorney's Office in the context of this civil case, and, contrary to the analysis of plaintiffs' counsel, has never conceded that the shooting in this matter could have been avoided. |
|---|---|---|
|   | d. | In the afternoon of March 4, 2022, the parties by and through their respective counsel of record approved a settlement conditioned on the Court's approval. Notice of settlement was filed by Defendants' counsel on March 5, 2022 [Ecf No. 74] |

19. The injuries sustained by PLAINTIFF SAUL YONKO as a result of said incident were as follows: physical and mental injuries resulting from the gunshot wound to his right thigh. The issue of PLAINTIFF SAUL YONKO's mental injuries were hotly contested by Defendants' counsel due to Saul Yonko's extensive pre-existing mental health issues and intellectual disabilities.

20. PLAINTIFF SAUL YONKO received medical treatment for his injuries from: Arrowhead Regional Medical Center; AMR MedicWest Ambulance; UCLA Health System Ronald Regan UCLA Medical Center; Dr. Victor Kong of the Kheir Clinic; Pacific Orthopaedics, Alhambra.

22. Petitioner has made a careful and diligent inquiry and investigation to ascertain the facts relating to said incident, the responsibility therefor, and the nature, extent and seriousness of said conservatee's injuries. Petitioner fully understands that if the compromise herein proposed is approved by the court and is consummated, said conservatee will be forever barred and prevented from seeking any further recovery of compensation even though said minors' injuries might in the future prove to be more serious than they are now thought to be.

23. Petitioner hereby recommends this compromise settlement to the court as being fair, reasonable, and in the best interests of said conservatee .

24. The following items of expense have been incurred or paid, are reasonable, resulted from said incident, and should be paid out of the proceeds of the $450,000.00 gross settlement:

Total of allowances for costs of suit, case expenses, advances and for attorneys' fees, calculated as follows:

| | |
|---|---|
| Attorneys' Fee: (40%): | $180,000.00 |
| Reimbursed Costs and Expenses: | $6,465.42 |
| **TOTAL:** | **$186,465.42** |

*[See Exhibit 1]*

The balance of the settlement sum, to be allocated between ALL PLAINTIFFS to this litigation, including Plaintiff Saul Yonko, Marilyn Yonko, and Walter Tracy.

**TOTAL:**                  **$263,534.58**

*[See Exhibit 1]*

25. Petitioner requests from the balance of the net sum of **$263,534.58**, that the following amounts be allocated and distributed among the respective parties as follows:

Thirty Three Percent (33%) of the net sum to Plaintiffs, Petitioner, Marilyn Yonko, as a conservator for Saul Yonko and as a Plaintiff, and Walter Tracy, totaling: $86,966.41.

| | |
|---|---|
| TO PLAINTIFF SAUL YONKO | $86,966.41 |
| (Payable to the Estate of Saul Yonko) | |

6

| | | |
|---|---|---|
| TO PLAINTIFF MARILYN YONKO | | $86,966.41 |
| TO PLAINTIFF WALTER TRACY | | $86,966.41 |

WHEREFORE, Petitioner prays that the Court make its order approving said compromise, and for such other and further order as the court may deem reasonable and proper.

Dated: March 24, 2022            **PETITIONER**

By: _Marilyn yonko (Mar 25, 2022 11:17 PDT)_____
MARILYN YONKO, as conservator and [proposed] Guardian ad Litem of Plaintiff SAUL YONKO, a disabled adult under conservatorship

Approved as to form and content.

Dated: March 24, 2022            **THE COCHRAN FIRM- CALIFORNIA**

/s/ Brian T. Dunn
By:_____
BRIAN T. DUNN
EDWARD M. LYMAN
Attorneys for ALL PLAINTIFFS

7